No. 26-1014

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

MONTELL WILLIAMS,
*Plaintiff-Appellant,*

v.

LLOYD ARNOLD
*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division,
No: 2:25-cv-108-GSL-ARP,
The Honorable Gretchen S. Lund

**BRIEF OF APPELLEE LLOYD ARNOLD**

THEODORE E. ROKITA
Indiana Attorney General

DAVID A. ARTHUR
Attorney
Counsel of Record

OFFICE OF INDIANA ATTORNEY
GENERAL TODD ROKITA
IGC South—5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
317-454-1418(telephone)
David.Arthur@atg.in.gov

*Counsel for Defendant-Appellee Lloyd
Arnold*

**TABLE OF CONTENTS**

Table of Authorities ...........................................................................................ii

Jurisdictional Statement....................................................................................1

Statement of the Issues ....................................................................................2

Statement of the Facts and Case .....................................................................3

    A.  Statement of the Facts....................................................................3

    B.  Statement of the Case.....................................................................4

Summary of the Argument................................................................................6

Argument:

  I.  The district court had jurisdiction because there is a case or
      controversy so no advisory opinion was issued...................................7

      A.  The district court had Article III jurisdiction because there
         is a case and controversy.........................................................7

      B.  The district court did not issue an advisory opinion..........................10

  II.  The district court did not exceed its jurisdiction ...........................................12

  III.  The Commissioner has the power to determine whether a person
       is required to register in Indiana .................................................................14

Conclusion........................................................................................................15

Fed. R. App. P. 32(G) Word Count Certificate..........................................16

Certificate of Service......................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) ...................................... 7

*Anderson v. Hardman*, 241 F.3d 544 (7th Cir. 2001) ........................................... 12, 13

*People of State of Ill. ex rel. Barra v. Archer Daniels Midland Co.,* 704 F.2d 935
    (7th Cir. 1983) .................................................................................................. 10

*Matter of Chicago, Rock Island & Pac. R. Co.*, 772 F.2d 299 (7th Cir. 1985) ............ 10

*City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290 (2013) ................................... 10, 11, 13

*Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.,* 983 F.3d 307
    (7th Cir. 2020) ................................................................................................. 7, 8

*First Choice Women's Res. Ctrs., Inc. v. Davenport*, No. 24-781, 2026 WL 1153029
    (U.S. Apr. 29, 2026) ........................................................................................... 9

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ......... 1

*Greenbank v. Great Am. Assurance Co.,* 47 F.4th 618 (7th Cir. 2022) ...................... 12

*Healey v. Carter*, 109 N.E.3d 1043 (Ind. Ct. App. 2018) .................................... 14, 15

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ......................................... 9

*Muthana v. Mullin*, 171 F.4th 967 (7th Cir. 2026) .................................................... 8

*In re Shondel*, 950 F.2d 1301 (7th Cir. 1991) ......................................................... 11

*U.S. v. Dunkel*, 927 F.2d 955 (7th Cir. 1991) ......................................................... 12

*U.S. v. Montell Valentino Williams*, No. 2:12-cr-00144 ......................................... 3, 4

*U.S. v. Peters*, 754 F.2d 753 (7th Cir. 1985) .......................................................... 11

*Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995) (per curiam) ............................... 13

**Statutes**

18 U.S.C. § 2421 ................................................................................................... 2, 3

28 U.S.C. § 1207(a) .................................................................................................. 2

28 U.S.C. § 1291 ...................................................................................................... 2

28 U.S.C. § 1331................................................................................ 1, 9, 11, 13

28 U.S.C. § 1441.................................................................................... 1, 11, 13

28 U.S.C. § 1441(a) .................................................................................... 1, 13

28 U.S.C. § 1446.................................................................................... 1, 11, 13

28 U.S.C. § 2201.................................................................................... 1, 11, 13

28 U.S.C. § 2201(a) ......................................................................................... 9

42 U.S.C. § 16901, et seq .................................1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

Ind. Code § 11-8-2-5 (a)(2) ........................................................................ 14

Ind. Code § 11-8-8-17 ................................................................................ 14

## Other Authorities

Fed. Rule of Civil Procedure 4(A)................................................................... 2

Fed. Rule of Civil Procedure 12(b)(6) ........................................................... 7

Fed. Rule of Civil Procedure 12(c)................................................................. 7

Fed. Rule of Appellate Procedure 28(a)(8)(A) ............................................. 12

## JURISDICTIONAL STATEMENT

The appellant's jurisdictional statement is not complete and correct. Williams filed a declaratory judgment action against defendant Lloyd Arnold in state court under Cause No. 45D10-2502-MI-59 (R. 1, R. at 4) seeking a declaration that he is not a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901, et seq. (SORNA), that he does not have an obligation to register as a sex offender in Indiana, and that he should be removed from the Department of Corrections' Sex Offender Registry (R. 4 at 4)]. The case was removed from the Lake Superior Court to the United States District Court for the Northern District of Indiana, Hammond Division (R. 1) pursuant to 28 U.S.C. §§ 1441 and 1446. The district court's jurisdiction was present under 28 U.S.C. § 2201, which authorizes a district court to grant declaratory relief, and under 28 U.S.C. § 1331 because it arises under the laws of the United States. Williams' registration obligation as a sex offender stems from, and is predicated on the interpretation of, SORNA—a claim arising under the Constitution, treaties, or laws of the United States. *See* 28 U.S.C. §§ 1331, 1441(a). *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (finding federal question jurisdiction where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). Venue is proper in the Northern District of Indiana, Hammond Division, the state case arose and was filed in the geographical area encompassing Lake County, Indiana. *See* 28 U.S.C.

§ 1441(a). On December 15, 2025, the district court granted defendant's motion for judgment on the pleadings and entered judgment in favor of the defendant Commissioner (R. 29; R. 30). Judgment was entered on December 17 (R. 30). The notice of appeal was timely filed on January 5, 2026 (R. 32). See 28 U.S.C. § 1207(a); Federal Rule of Civil Procedure 4(A). On that same date, Williams filed a motion to stay the district court judgment pending appeal (R. 31). On January 30, 2026, the district court denied the motion to stay (R. 36).

The order and judgment on December 15, 2025, disposed of all claims as to all parties. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 because it is an appeal from a final judgment.

## STATEMENT OF THE ISSUES

Appellant Montell Williams sought a declaratory judgment that he is not required to register as a sex offender in Indiana under the terms of SORNA. The district court, to which the case was removed, determined the meaning and applicability of that statute as to the facts concerning Williams. The District Court held that Williams' crime, transporting an individual in interstate commerce with intent to engage in prostitution in violation of 18 U.S.C. § 2421 underlying criminal conviction is for a specifically listed offense under Subsection (5)(A)(iii), no further analysis is required, he did not show that the crime involved a consensual act and, therefore, he is required to register under SORNA.  The following issues are raised in this appeal:

2

I.      Whether there is a case or controversy where Williams claimed that he is not required to register under SORNA but the Commissioner said that he did, and whether district court did not issue an advisory opinion but declared the meaning of a statute that was in the center and focus of the dispute.

II.     Whether the district court did not exceed its authority in granting a judgment as to the application of SORNA in a case removed to it and seeking a declaratory judgment.

III.    Whether the Commissioner of the Indiana Department of Correction has the authority to determine who must register on the sex and violent offender registry.

## STATEMENT OF THE FACTS AND CASE.

### A. Statement of the Facts.

On January 9, 2013, Williams pled guilty in the United States District Court for the Northern District of Indiana to transporting an individual in interstate commerce with intent to engage in prostitution in violation of 18 U.S.C. § 2421 (R. 4 at ¶ 3). On July 19, 2013, Williams was sentenced to 120 months imprisonment and eight years of supervised release after imprisonment. (R. 4 at ¶ 4). He appealed the judgment of conviction. *U.S. v. Montell Valentino Williams*, No. 2:12-cr-00144, R. entry 68 (N.D. Ind. Oct. 4, 2012) ("*Williams*"). This Court remanded for reconsideration of two conditions of supervised release, one pertaining to "mood altering substances" and the other regarding the payment of mental health treatment costs. *Williams*, R. 81-1. Williams was re-sentenced on August 30, 2016, to 120 months imprisonment with a lifetime supervised release requirement. (R. 4

at ¶ 6-7). Included in the supervised release was a condition that Williams comply with the requirements of (SORNA) (R. 14-4 at 3 at 3). Williams appealed, *Williams*, R. 122, but his appeal was dismissed as frivolous on April 3, 2017. *Williams*, R. 133.

Plaintiff completed his commitment with the Federal Bureau of Prisons in June 2020. (R. 4 at ¶ 8.) At that time, he was ordered to register as a sex offender in Indiana pursuant to the conditions of his supervised release. (R. 4 at ¶ 9.) This prompted him to file a motion on July 22, 2022, in the criminal case seeking to modify the duration and conditions of his supervised release (R. 4 at ¶ 10). In that motion, Williams posited that the court should remove the condition requiring compliance with SORNA. Williams claimed that "SORNA did not apply to ([him])," and he was "not [] required to register as a sex offender." (R. 14-5 at ¶¶ 12–13). The U.S. government responded to the motion, *Williams* R. 149, and Williams replied in support (*Id*. at R. 150). After court-requested supplemental briefing, Williams clarified the scope of his requested relief, which was limited to "strik[ing] the requirement of compliance with SORNA from the list of conditions related to his lifetime term of supervised release" (R. 14-5 at 3). The criminal court ultimately granted the request to remove the sex offender registration obligation as a condition of supervised release but denied the motion in all other respects, leaving intact his lifetime supervision (R. 14-6 at 7).

## B.    Statement of the Case.

Williams filed a declaratory judgment action against defendant Lloyd Arnold. Commissioner of the Indiana Department of Correction, in the Lake Superior Court

of Indiana under Cause No. 45D10-2502-MI-59 ([R. 1, R. 4 at 4]. He sought a declaration that he is not a sex offender, that he does not have an obligation to register as a sex offender in Indiana, and that he should be removed from the department of correction's sex offender registry (R. 4 at 4).

The case was removed from the Lake County Superior Court to the United States District Court for the Northern District of Indiana, Hammond Division because resolution of the claims turned on the interpretation and application of SORNA, a federal law (R. 1).[1] After answering the complaint (R. 12), defendant Arnold filed a motion for judgment on the pleadings (R. 14).[2] Oral argument was held October 1, 2025 (R. 24).[3]

On December 15, 2025, the district court granted the motion for judgment on the pleadings and entered judgment in favor of the defendant on December 17 (R. 29; R. 30).

The notice of appeal was filed on January 5, 2026 (R. 32). On that same date, Williams filed a motion to stay the district court judgment pending appeal (R. 31). On January 30, 2026, the district court denied the motion to stay (R. 36). That motion asserted for the first time that the district court lacked jurisdiction under Article III of the Constitution because, according to Williams, and further that it

---

[1] At no time did Williams file a motion to remand (R.).

[2] During briefing, Williams did not challenge the jurisdiction of the district court on any basis (R. 21).

[3] In the district court, Williams was represented by counsel, who did not appear in this Court.

5

lacked jurisdiction under the 11th Amendment and *Younger* abstention (R. 31). Those are the issues raised in Williams' brief in this Court.

On January 21, 2026, this Court stayed briefing pending resolution of a motion for the appointment of counsel (R. 8). On March 3, this Court denied the request for the appointment of counsel and set the briefing schedule (R. 9).

## SUMMARY OF THE ARGUMENT

I.     There is case or controversy between the parties. Williams claimed that he was not required to register as a sex offender in Indiana based on a criminal conviction for transporting an individual in interstate commerce with intent to engage in prostitution because his sentencing court dropped the requirement of registration that was imposed as a condition of his supervised relief. The Commissioner says that he has to register in Indiana. There is a continuing controversy between the parties that the district court could and did resolve. For like reasons, the district court did not enter an advisory opinion. The district court decided a controversy between the parties as to Williams' future conduct. That the judgment also appears to include an order that Williams register in Indiana because of SORNA, that language is mere surplusage because under SORNA, Williams is mandated to register.

2.     The district court did not exceed its jurisdiction. The district court has jurisdiction to decide the actual case and controversy between Williams and the Commissioner by entering a declaratory judgment as to the meaning and application of a federal statute (SORNA) the actual controversy between the

6

plaintiff, Williams, and the defendant. Third, even had the district court erred by stating that Williams is required to register in Indiana because of SORNA, it was merely stating what SORNA requires, does not place an additional burden on Williams, and does not change either the status quo ante or the relationships between the parties or between Williams and law enforcement.

3.      The Commissioner has the power and authority to determine who is required to register under the Indiana sex and violent offender registry laws. The duty is directed by statute to the Indiana department of correction, and the Commissioner is the final authority and by statute he administers and supervises the department. So the correct parties are before the Court.

**ARGUMENT**

**I.**
**The district court had jurisdiction because there is a case or controversy
so no advisory opinion was issued.**

**A.      The district court had Article III jurisdiction because there is a case
and controversy.**

The standards for evaluating a Rule 12(b)(6) motion to dismiss also govern a Rule 12(c) motion for judgment on the pleadings. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Judgment on the pleadings is appropriate if there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Because this case was decided on a motion for judgment on the pleadings, the facts are those alleged in the complaint. A court's review of a motion to dismiss and thus a motion for judgment on the pleadings

includes the complaint, all attached documents, documents that are critical to the

complaint and referred to in it, and information that is subject to proper judicial

notice." *Muthana v. Mullin*, 171 F.4th 967, 973 (7th Cir. 2026). This Court reviews a

judgment on the pleadings de novo. *Id.* (citing *Federated*).

In convoluted reasoning, Williams asserts that the district court lacked

Article III jurisdiction because there was no case or controversy at the time that the

judgment was entered. As he summarizes his argument, "no Article III case or

controversy existed at the time the district court acted. The undisputed record–

including Defendant's binding judicial admissions–establishes that Williams was

under no obligation to comply with SORNA, faced no enforcement threat, and

suffered no injury prior to the court's order. The only alleged harm arose after the

district court imposed it" (Brief at 9).[4] The argument claims that there is no case or

controversy because Williams was right in the district court because the criminal

court did not impose an obligation to register as a sex offender as a condition of

supervised release (Brief 11–15). The whole of the argument is that Williams was

under no obligation to register as a sex offender under SORNA and, therefore, the

district court lacked jurisdiction over the subject matter under Article III of the

Constitution. But the criminal court did not relieve Williams of the obligations

imposed under SORNA, only those in the sentence.

---

[4] Appellee cites the actual page numbers and not those placed at the bottom of the
papers by Williams. He did not number the cover as page 1. As briefs are filed
electronically, this manner of citation makes the pages easier for this Court to
locate.

"Article III of the Constitution vests federal courts with the 'judicial Power' to decide 'Cases' and 'Controversies.' § 2, cl. 1." *First Choice Women's Res. Ctrs., Inc. v. Davenport*, No. 24-781, 2026 WL 1153029, at *5 (U.S. Apr. 29, 2026). "The phrase 'case of actual controversy' in the Declaratory Judgment Act 'refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

There is an actual case or controversy here, one the district court correctly decided when it entered judgment on the pleadings. The District Court had jurisdiction under 28 U.S.C. § 2201(a) ("any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration"). Williams requested a declatory judgment in the state court (R. 4-1 at 1) and because the issue arose under federal law as to the interpretation and application of SORNA, the District Court further had jurisdiction under 28 U.S.C. 1331 because it is a "civil action[] arising under the Constitution, laws, or treaties of the United States." Williams asserts that he is not required to register as a sex offender in Indiana under SORNA, a federal act, and Commissioner Arnold requires that he register (R. 1). That is a dispute (i.e. a "controversy") that is capable of a resolution by a district court by issuing a declaration of the meaning and application of SORNA to the facts of this case. And that is exactly what the district court did. The court's decision is right, but "[a] court's power to decide a case is independent of whether its decision is correct, which is why even an erroneous judgment is entitled to res judicata effect. Put

9

differently, a jurisdictionally proper but substantively incorrect judicial decision is not ultra vires." *City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 297 (2013).

Therefore, whether or not the district court got it right, it did not lose jurisdiction, and there are a case and a controversy to be decided within the meaning of Article III. Relief should be denied because the district court had and did not lose jurisdiction as claimed by Williams.

**B.     The district court did not issue an advisory opinion.**

In another attack on the district court's judgment, Williams claims that that court issued an advisory opinion. The claim is patently incorrect. A federal court may not, of course, issue an advisory opinion. But that is not the situation here. "It is an elementary maxim of our legal system that a court decides only the case before it, and cannot render advisory opinions disposing of other issues not presented for decision. *Matter of Chicago, Rock Island & Pac. R. Co.*, 772 F.2d 299, 303 (7th Cir. 1985). But the district court opinion here is not advisory; it decides a contested issue of law between Williams and the Commissioner, as set out above, and states the consequence of its order. An advisory opinion "is what you call a decision that does not resolve an actual case or controversy." *People of State of Ill. ex rel. Barra v. Archer Daniels Midland Co.,* 704 F.2d 935, 941 (7th Cir. 1983). But, as sdhown above, there is an actual case and controversy: Williams says that he does not have to register in Indiana, but the Commissioner says that he does. If that phrase—that Williams is ordered to register under SORNA (R. 29 at 15), were stricken from the final order and judgment, there would be no change in the positions of the parties

10

going forward because SORNA requires registration and no court order to comply with it is needed.

Williams asserts not that the case became moot or otherwise outside the jurisdiction conferred in Title 28 but, in essence, that this was an advisory opinion because the district court got it wrong. He suggests that the district court did not have jurisdiction to begin with, but 28 U.S.C. §§ 1331, 1441, 1446, and 2201 give the district court jurisdiction over cases arising under the Constitution that are removed to it and which seek declaratory relief. This is such a case.

Even if the opinion of the district court were in error, the court does not thereby lose jurisdiction. *City of Arlington,* 569 U.S. at 297. Each of Williams' arguments tries to show that the district court erred, not that the case became moot or standing became lacking (he sued the Commissioner after all) such that the judgment is an advisory opinion. An advisory opinion is one that determines an abstract legal question. *See, e.g., In re Shondel*, 950 F.2d 1301, 1309 (7th Cir. 1991); *U.S. v. Peters*, 754 F.2d 753, 757 (7th Cir. 1985). But this case is not to determine an "abstract legal question" but whether Williams is required to register as a sex offender as determined by the Commissioner (R. 4). It resolves an actual controversy between two parties. The district court decided an actual question of law applicable to a dispute between Williams and the Commissioner. This is no advisory opinion.

11

## II.
## The district court did not exceed its jurisdiction.

Williams next claims that because "The removed case presented a single, limited question: whether any SORNA registration obligation existed" but that the district court granted affirmative relief to the Commissioner, the court exceeded its jurisdiction.

First, this issue is waived by failing to make a cogent argument. Although Williams asserts that the district court did more than declare the federal law as it applies to the facts of the case, but he does not point out how or why jurisdiction is lost. Williams' brief does not engage the district court's reasoning or his claim that the district court exceeded its jurisdiction as required under Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure. That Rule mandates that the appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *See Greenbank v. Great Am. Assurance Co.,* 47 F.4th 618, 629 (7th Cir. 2022) ("We have made clear that perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority are waived."). When there is no cogent argument that the trial court has erred, this Court will dismiss the appeal. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). As with this case, the appellant in *Anderson* was pro se. A party still must be understood. "Judges are not like pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Fleeting references to documents in the record with no explanation of how they're material and relevant does not meet the applicable appellate burden.

The incorrect claim that the district court exceeded its authority is waived for lack of a cogent argument. *See Anderson v. Hardman*, 241 F.3d 544, 545(7th Cir. 2001) "We too construe pro se filings liberally, *Whitford v. Boglino*, 63 F.3d 527, 535 n.10 (7th Cir. 1995) (per curiam), but still we must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant").

In any event, the argument appears again to be that the district court made a mistake. But a mistake (again, there is none) does not deprive a district court of jurisdiction, so the district court here did not exceed its jurisdiction even if it erred. *City of Arlington,* 569 U.S. 290 at 297.

It appears that the complaint in the brief is that the district court ordered that "The Court hereby ORDERS immediately and moving forward, Plaintiff COMPLY with SORNA's sex-offender registration requirements" (R. 29 at 15). The district court had jurisdiction under under 28 U.S.C. § 2201, which authorizes a district court to grant declaratory relief, and under 28 U.S.C. § 1331 because it arises under the laws of the United States. Williams' registration obligation as a sex offender stems from, and is predicated on the interpretation of, SORNA—a claim arising under the Constitution, treaties, or laws of the United States. *See* 28 U.S.C. §§ 1331, 1441(a).

Even if there were an error in granting the Commissioner "affirmative" relief in a declaratory action filed by Williams, he would not be harmed by it. The SORNA statutes immediately and moving forward from the perspective of the date of the judgment require Williams to comply with its sex-offender registration

13

requirements. 42 U.S.C. § 16901, *et seq*. If there were an error, it would be harmless because it merely states what SORNA already mandates. The district court was merely warning of the implication of its declaratory judgment.

### III.
### The Commissioner has the power to determine whether a person is required to register in Indiana.

Finally, Williams claims that this is an improper case because the Commissioner lacks enforcement power (Brief at 23–26). The Commissioner has the authority to determine who must register as a sex offender in Indiana. The department, of which the Commissioner is the final authority, determines from all of the facts, who is required to register. *Healey v. Carter*, 109 N.E.3d 1043, 1051 (Ind. Ct. App. 2018). After that determination, a prosecutor may carry out the Commissioner's decision by filing a criminal information if there is a failure to register. *See* Ind. Code § 11-8-8-17 (which is in the title on corrections). So, the Commissioner is very much the person to sue for a determination of whether the person is required to register.

Further, and more importantly and tellingly, the Commissioner is the person Williams chose to sue in his official capacity (R. 4). He asks that the court "order that the Indiana Department of Corrections remove the Plaintiff from the Sex Offender Registry" (R. 4 at 4). The Commissioner is the chief executive officer and shall administer and supervise the department. Ind. Code § 11-8-2-5 (a)(2).

The premise of the fourth argument is that the Commissioner has no role in the process because he does not compel registration or prosecute crimes. But he

14

does determine who must register. *Healey*. Others carry out his determination.

There is no improper defendant as Williams asserts (Brief at 22–26). There is no

basis for relief to Williams, and the judgment should be affirmed.

## CONCLUSION

For the foregoing reasons, the district court's judgment should be affirmed.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

Dated: May 4, 2026

/s/ David A. Arthur
DAVID A. ARTHUR
Counsel of Record

*Counsel for Defendant-Appellee Lloyd Arnold*

OFFICE OF INDIANA ATTORNEY
GENERAL TODD ROKITA
IGC South—5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
(317) 484-1418
David.Arthur@atg.in.gov

**FED. R. APP. P. 32(g) WORD COUNT CERTIFICATE**

1.      Pursuant to Fed. R. App. P. 32(g), the undersigned counsel for the appellee certifies that this brief complies with the type-volume limitations of Circuit Rule 32(c) because the brief contains 2,901 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook typeface, font size 12 for the text and footnotes. See Cir. R. 32(b).

*/s/ David A. Arthur*
David A. Arthur
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I further certify that I have mailed the foregoing document by First-Class U.S. Mail, postage prepaid, by placing it into a government system whereby postage is affixed within a reasonable time, addressed to the following party:

> MONTELL WILLIAMS
> 6626 NEBRASKA AVE, APT 2A
> HAMMOND, IN 46323

*/s/ David A. Arthur*
David A. Arthur
Attorney

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South
302 West Washington Street, Fifth Floor
Indianapolis, Indiana 46204-2770
Telephone: (317) 454-1418
Fax: (317) 232-7979
David.Arthur@atg.in.gov